**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Appellants,**

v.

**TEXAS NATIONAL BANK OF HOUSTON,**
Texas, Garnishee, Appellee.

No. 6834.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 8, 1966.

On Motion for Rehearing Nov. 16, 1966.

Orgain, Bell & Tucker, McGinnis, Nathan & Sibley, Beaumont, for appellants.

Wells, Duncan & Beard, McNicholas & Crawford, Beaumont, Andrews, Kurth, Campbell & Jones, Houston, for appellee.

STEPHENSON, Justice.

This is an action arising out of a writ of garnishment. The real issue involved is the ownership of stock. The case was tried before the court upon an agreed statement of facts. Judgment was rendered that Robert L. Damrel, hereafter called "Damrel", was the owner of the stock, and discharging the Texas National Bank, hereafter called "Bank" as garnishee. The parties will be referred to herein by the abbreviated names assigned to them.

Merrill Lynch, Pierce, Fenner & Smith, Inc., hereafter called "Merrill Lynch" filed an application for a writ of garnishment against the Bank upon a judgment it had obtained against Robert T. Lee, hereafter called "Lee". Such judgment was dated August 9, 1962. The application for the writ of garnishment was filed August 28, 1962. October 16, 1962 the Bank filed an answer, alleging that it had a checking account in the name of "Robert L. Damrel and R. T. Lee—B & B Account" contain-

ing a balance of $1.85. It also answered that it held certain shares of stock under pledge, some in the name of Robert T. Lee, Robert L. Damrel and William & Edgar, some in the name of Robert T. Lee and Robert L. Damrel, some in the name of Robert L. Damrel, and some in the name of Robert T. Lee. The Bank also answered that all of such stock was pledged to secure all indebtedness owed to the Bank by Robert T. Lee and Robert L. Damrel, either jointly or individually. The Bank further answered that it had in its possession a copy of an assignment dated January 8, 1962 from Lee to Damrel, conveying all interest owned by Lee in such stock to Damrel. Damrel intervened in this suit and claimed title to the stock involved under such assignment. A copy of this assignment is set out as follows:

"January 8, 1962

TO WHOM IT MAY CONCERN:

This is to advise that I, Robert T. Lee, for the sum of Ten Dollars ($10.00) and other good and valuable considerations, do hereby sell, grant and convey to Robert L. Damrel, all of my interest in stocks held in our joint account, known as 'Tenants in common' and also all of my personal stocks presently held as collateral by the Texas National Bank, Houston, Texas, that are on a joint note with Robert L. Damrel.

Signed this 8th day of January, 1962.
/s/ Robert T. Lee
Robert T. Lee"

It was agreed in the statement of facts that all of the stock certificates were delivered to the Bank at the time they were pledged, together with signed stock powers, and have been in the Bank's possession at all times relevant to this cause of action.

It is the contention of Merrill Lynch first that the purported assignment of January 8, 1962 from Lee to Damrel did not effectively transfer the title to the stock because there was no delivery of the certificates. Art. 1302–6.02, Vernon's Ann. Civ.St., is cited as authority for this position. This statute prevailed before the Uniform Commercial Code became effective June 30, 1966. Such Article read as follows:

*"How Title Transferred*

A. Title to a certificate and to the shares represented thereby can be transferred only:

(1) by delivery of a certificate endorsed either in blank or to a specified person by the person appearing by the certificate to be the owner of the shares represented thereby; or

(2) by delivery of the certificate and a separate document containing a written assignment of the certificate or the power of attorney to sell, assign, or transfer the same or the shares represented thereby, signed by the person appearing by the certificate to be the owner of the shares represented thereby. Such assignment or power of attorney may be either in blank or to a specified person."

It is argued that title to stock can pass only by delivery of the certificates themselves, either endorsed by the owner or by a separate assignment by the owner. It is further contended that the purported assignment of January 8, 1962 from Lee to Damrel constituted a mere promise to transfer the title to the stock under Art. 1302–6.11, V.A.C.S. which read as follows:

*"Attempted Transfer Without Delivery as Promise to Transfer*

A. An attempted transfer of title to a certificate or to the shares represented thereby without delivery of a certificate shall have the effect of a promise to transfer and the obligation, if any, imposed by such promise shall be determined by the

law governing the formation and performance of contracts."

We do not find it necessary to pass upon this second contention. We hold that the circumstances of this case constitute "delivery" of the certificates of stock within the meaning of the statute. We do not believe that manual handing of these certificates by Lee to Damrel was necessary in order to pass the title to the stock certificates. At the time the stock certificates were pledged by Lee to secure the indebtedness due the Bank such certificates were accompanied by stock powers. The written assignment from Lee to Damrel completed the transfer of the title to the stock certificates. There is nothing in the statute that requires the delivery of the stock certificate by the owner of the stock directly to the transferee. We interpret the case of Hart v. Ehlers, Tex.Civ.App., 319 S.W.2d 418, to mean that the placing of certificates of stock in escrow, properly signed, constitutes "delivery" under the statute.

The question as to whether such transfer of the stock certificates was to defraud Merrill Lynch has not been adjudicated in the action and still is a subject which may or may not be litigated.

The trial court properly ordered that the Bank should recover its attorney's fees from Merrill Lynch, under Rule 677, Texas Rules of Civil Procedure. The amount of the funds found being $1.85 was inadequate to pay such attorney's fees.

We find no legal basis for that portion of the judgment of the trial court awarding Damrel 6% interest on value of the stock from the date of such judgment until paid against Merrill Lynch. The judgment is reformed to delete such portion of the judgment.

We find the remaining points of error to be without merit and they are overruled.

While this case was pending in this court, an agreed motion was granted substituting Citizens National Bank of Beaumont for Texas National Bank of Houston as a party to this suit.

Reformed and affirmed.

## ON MOTION FOR REHEARING

Merrill Lynch has pointed out to this court, with greater emphasis, that there is nothing in the agreed statement of facts to show the date that the assignment from Lee to Damrel was delivered to the Bank. It is argued that the answer of the Bank in this garnishment proceeding shows only that such assignment was in the Bank's possession at the time the answer was filed, and that no mention is made as to the date it was received, or that it was received before the Bank was served with the writ of garnishment. An examination of the record confirms this contention, for which reason this cause must be reversed. In the interest of justice, this cause is remanded to the trial court for another trial of all issues raised, during the course of which trial the date of delivery to the Bank of such assignment shall be ascertained.

Reversed and remanded.